UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Myria Petrou et al.,

    Plaintiffs,

v.    Civil Case No. 17-14201

The Bank of Ann Arbor, et al.,    Sean F. Cox
    United States District Court Judge

    Defendants.
_____/

## ORDER STRIKING COMPLAINT, DISMISSING ACTION WITHOUT PREJUDICE, AND ORDERING PLAINTIFFS AND CYRIL HALL TO SHOW CAUSE

In December 2017, Plaintiffs filed a 45-count, 319-page complaint against 39 defendants. The complaint was purportedly signed by Cyril Hall, who also represented Plaintiffs in another matter (raising some of the same claims against some of the same parties) before this Court (Case No. 17-11508). Mr. Hall never entered an appearance and, within a month, filed a motion to withdraw, citing an "irreparable breakdown in the attorney-client relationship." (Doc. # 7). Despite this "irreparable breakdown," Mr. Hall has continued to represent Plaintiffs in their other case before this Court and in state-court proceedings. *See* Doc. # 50, Ex. 1.

While Mr. Hall's motion was pending, several parties informed the Court that Mr. Hall had told them that he did not sign or file the complaint. *See* Doc. # 18; Doc. # 19; Doc. # 24. These allegations raised significant concerns; Fed. R. Civ. Pro. 11(a) requires that every pleading must be signed either by one attorney of record or by a party personally if the party is unrepresented. This is not a trivial requirement; the signature indicates to the Court that the complaint "is to be taken seriously." *Bus. Guides, Inc. v. Chromatic Commc'n Enter., Inc.*, 498

U.S. 533, 546 (1991). Yet despite these significant allegations, Mr. Hall made no effort to confirm or deny them.

The Court held a hearing on Mr. Hall's motion on March 8, 2018. Although the Court specifically ordered Plaintiffs Myria Petrou and Bradley Foerster to appear (Doc. # 38), they did not do so. At the hearing, Mr. Hall stated that Plaintiffs, not he, filed the complaint and that he did not consent to their signing his name on the document. Mr. Hall also confirmed that he never entered an appearance in this case. Based on these statements, the Court deems it appropriate to treat the complaint, which bears a forged signature, as being unsigned. Having done so, the Court shall strike the unsigned pleading. *See* Fed. R. Civ. Pro. 11(a).

The Court finds Mr. Hall's statements to be very troubling. The conduct attributed to Plaintiffs was egregious and sought to deceive the Court. And the Court's concerns are only exacerbated by Plaintiffs' unexplained failure to appear despite being ordered to do so. Nor is Mr. Hall beyond reproach; despite apparently knowing that Plaintiffs had forged his signature on their complaint, he thought it best not to inform the Court until pressed for answers at a hearing two months later. Indeed, under the circumstances, sanctions may be justified against Plaintiffs or Mr. Hall. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) ("[T]he inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation.").

Thus, for the reasons above, **IT IS ORDERED** that the Court shall **STRIKE** Plaintiffs' complaint and **DISMISS THIS ACTION WITHOUT PREJUDICE**.

Additionally, both Plaintiffs and Mr. Hall are **ORDERED TO SHOW CAUSE**, at a hearing on **April 5, 2018 at 10:00 a.m. , in Courtroom 100**, why the Court should not impose

2

sanctions relating to the filing of the complaint in this case. **Plaintiffs Myria Petrou and Bradley Foerster are cautioned that failure to appear for this hearing may result in the Court finding them in contempt**.

    IT IS SO ORDERED.

                                                s/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: March 14, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2018, by electronic and/or ordinary mail.

                                        s/Jennifer McCoy
                                        Case Manager